CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Christopher A Seabock, Esq., SBN 279640
Tehniat Zaman, Esq., SBN 321557
Prathima Price, Esq., SBN 321378
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
Prathimap@potterhandy.com

Attorneys for Plaintiff


Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
25108 Marguerite Pkwy, Ste A
Mission Viejo, CA 92692
949. 859. 9200
e-mail: contact@sahelianlaw.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | Case No. 3:21-cv-06445-TLT |
| Plaintiff, | |
| v. | **Joint Case Management Statement** |
| **Mazen Kharsa;** **Miguel A. Mejia**; | Honorable Judge Trina L. Thompson |
| Defendant | |

The parties submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.


//

1

**1.  Jurisdiction & Service**

This Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has continuing supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

The Complaint was served on Defendants on or about September 7, 2021.

**2.  Facts:**

<u>Plaintiff</u>: Brian Whitaker suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility. Defendants Mazen Kharsa and Miguel A. Mejia own Grand Leader Market located at or about 600 San Mateo Ave, San Bruno, California.

On the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible outside dining surfaces. One problem that plaintiff encountered was the lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users.

Defendant's failure to provide for wheelchair accessible dining surfaces at Grand Leader Market is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the Unruh Civil Rights Act. Plaintiff seeks statutory minimum damage award.

2

Joint Case Management Statement                                     3:21-cv-06445-TLT

Defendants: Mr. Whitaker is a serial filer with over 1,800 cases filed in nearly every district and state court in California. A string of recent decisions have found him not to be credible and have dismissed cases he has brought.

Mr. Whitaker alleges that there were no accessible outdoor dining surfaces and that he intends to drive 350 miles to San Bruno from Los Angeles to patronize the restaurant. But he has no intention to relocate to the San Francisco region.

Lastly, the existing outdoor tables were indeed compatible with his wheelchair.

**3. Legal Issues**

The disputed legal issues are: (1) Whether the defendant's property meets the minimum standards of state disability laws and other codes; (2) whether the defendants are responsible under the law to remove barriers; (3) whether the barriers are readily achievable to remove; (4) whether the plaintiff has standing to seek either damages or injunctive relief; and (5) the nature and extent of damages, if any.

**4. Motions**

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendants: anticipates filing a Motion for Summary Judgment

**5. Amendment of Pleadings**

Plaintiff: Plaintiff does not intend any amendment of pleadings.

Defendants: none.

**6. Evidence Preservation**

The Parties agree to make efforts to preserve all discoverable information, regardless of the format in which it is kept (email, database, paper file, etc.).

The parties are unaware of any issues in this regard at this time.

**7. Disclosure**

The Parties do not seek any changes to the form or requirements for initial disclosures. The parties have exchanged initial disclosures.

**8. Rule 26 Discovery Plan**

1. Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of wheelchair accessible dining surfaces at Grand Leader Market; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Defendant.

Defendants: anticipates propounding written discovery and taking Plaintiff's deposition.

The Parties do not propose to conduct discovery in phases. The parties agree to electronic service in this matter. Documents sent to the appropriate e-mail addresses for the respective parties below

shall be deemed served the day it is received by e-mail if received before 5:00 PM PST, or the following weekday if served after. The parties agree that service under this agreement shall be entitled to the benefits of FRCP 6(d). Either party may modify their service list by providing notice to the below listed service addresses with the new e-mail addresses to be served.

<u>Plaintiff</u>: serve@potterhandy.com and Chriss@potterhandy.com

<u>Defendants</u>: contact@sahelianlaw.com

2. <u>Changes in Limitations on Discovery</u>

The parties request no deviation from the Federal and Local Rules.

**9. Class Actions**

N/A.

**10. Related Cases**

The Parties are unaware of any related cases.

**11. Relief**

<u>Plaintiff</u>: Plaintiff's ADA claim for injunctive relief is moot. Plaintiff claims attorney fees and damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

<u>Defendants</u>: seeks dismissal of this action due to Plaintiff's lack of standing to sue in Federal Court for the Northern District of California. Defendant will also be seeking an award of attorney's fees, costs of suit, and punitive damages.

**12. Settlement and ADR**

The parties attended a Pre-Settlement Telephone Conference on July 6, 2022, before Magistrate Judge Kandis A. Westmore, but have been unable to reach a settlement in this case.

**13. Consent to Magistrate Judge for All Purposes**

<u>Plaintiff</u>: does not consent to have a Magistrate Judge preside over this case.

<u>Defendants:</u> does not consent to a Magistrate Judge.

**14. Other References**

None

**15. Narrowing of issues**

None

**16. Expedited Trial Procedure**

The parties do not believe that this case is suitable for an expedited schedule.

**17. Scheduling**

<u>Plaintiff</u> proposes:
The date for Disclosures of Expert Witness as July 31, 2023
Discovery Cut-Off of September 11, 2023
Law and Motion Cut-Off of October 9, 2023
Pre-trial Conference date of November 20, 2023
Trial date of December 5, 2023

Defendants propose: Defendant is amenable to the Court's proposal.

**18.  Trial**

Plaintiff: has requested a Court trial and anticipates a 2-3 day trial.
Defendants: concurs.

**19.  Disclosure of Non-Party Interested Entities or Person**

Plaintiff: There are no interested parties other than the Plaintiff.
Defendants: Same.

**20.  Professional Conduct**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other Matters**

None

Dated: October 14, 2022        CENTER FOR DISABILITY ACCESS


By: */s/Prathima Price*
Prathima Price
Attorney for Plaintiff


Dated: October 13, 2022        SAHELIAN LAW OFFICES


By: */s/Ara Sahelian*
Ara Sahelian, Esq.
Attorney for Defendants

**SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: October 13, 2022          CENTER FOR DISABILITY ACCESS

By: */s/Prathima Price*
Prathima Price
Attorney for Plaintiff

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 6/12/2023 |
| Non-Expert Discovery Cut-Off | 15 | 8/21/2023 |
| Expert Discovery Cut-Off | 12 | 9/11/2023 |
| Last Day to Conduct Settlement Proceedings | 10 | 9/25/2023 |
| Last Day for Law and Motion Hearings | 8 | 10/9/2023 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 11/20/2023 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 11/27/2023 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 12/1/2023 |
| Trial **(Tuesday at 9:00 a.m.)** | | 12/5/2023 |